```
ALLAN S. LOLLY, Cal. Bar No. 146451
Allan S. Lolly & Assoc. PC
888 Prospect St., Suite 200
La Jolla, CA 92037
(858) 483-0311
allan@asl-lawfirm.com
Attorney for Plaintiff

RANDY S. GROSSMAN
United States Attorney
JENNIFER BROOKER, DC Bar No.1719552
Special Assistant U.S. Attorney
LESLIE M. GARDNER, Cal. Bar No. 228693
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA  92101-8893
(619) 546-9619/7603
jennifer.brooker@usdoj.gov
leslie.gardner2@usdoj.gov
Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN S. LOLLY & ASSOCIATES, P.C.<br><br>Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Case No.: 21CV1925-L-AHG<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) and this Court's order.  Counsel discussed the nature and basis of the claims and defenses, and jointly submit this Case Management Statement per the Court's Order:

1. <u>Jurisdiction and Service</u>: Plaintiff filed this action under the Freedom of Information Act ("FOIA") against the Department of Homeland Security's ("DHS") United States Citizenship and Immigration Services ("USCIS") (collectively, the "Agency").  FOIA

is a statutory scheme under which individuals may request access to federal agency documents. 5 U.S.C. § 552. The statute sets forth the procedures for requesting documents and carves out nine categories of information that are exempt from disclosure. *See* 5 U.S.C. § 552(b). A FOIA requestor who exhausts administrative appeals and is unsatisfied with the agency's response may file litigation in federal court. *Id*. at § 552(a)(4)(B). Under the statute, an agency must respond to the FOIA request within twenty business days. 5 U.S.C. § 552 (a)(6)(A)(I). When, as often occurs, an agency is unable to comply within this time frame, the requester is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). Plaintiff completed service. The parties do not dispute this Court's jurisdiction.

2. <u>Facts</u>: On August 31, 2022, Plaintiff submitted a FOIA request to the Agency. The request includes 15 enumerated categories of records relating to USCIS's adjudication of risk determinations of sex offenders pursuant to the Adam Walsh Act. The request seeks all responsive records from the enactment of the Adam Walsh Act in 2006 to the present for each category. On September 1, 2022, USCIS sent an auto-generated electronic message acknowledging the receipt of Plaintiff's request. The Agency conducted a search for all responsive records which returned in excess of 50,000 documents that must be reviewed by multiple stakeholders within the Agency. On January 27, 2022, the Agency produced 522 pages of records responsive to Plaintiff's, request. The parties have been actively working together to narrow the scope of Plaintiff's request, identify which documents are of primary importance, and to explore software options that would expedite the initial levels of review.

3. <u>Legal Issues</u>: The ultimate legal issue in this case is whether the Agency has complied with FOIA, and more specifically, whether any redactions or exemptions from production are proper. However, because the parties are still working together to further define the scope of the request, and because records are still under review to determine what, if any, redactions or exemptions may be asserted, the parties are not in a position to bring specific disputes to the Court.

4. <u>Motions</u>: There are no past or pending motions in this case. FOIA cases typically resolve via settlement or motions for summary judgment following production.

5. <u>Amendment of Pleadings</u>: The parties do not anticipate amending the pleadings.

6. <u>Evidence Preservation</u>: The parties have reviewed the ESI Checklist referenced in this Court's chamber rules.

7. <u>Disclosures</u>: Discovery is typically not available in a FOIA case. *See Lane v. Dep't of the Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA cases."); *Andrews v. FBI*, No. 1:11cv01659 AWI DLB, 2012 U.S. Dist. LEXIS 36072 (E.D. Cal. Mar. 15, 2012) (denying discovery in FOIA action where summary judgment had not been filed and summary judgment deadline was nearly seven months away). Rather, FOIA cases are "typically and appropriately" resolved in summary judgment. *Harrison v. Exec. Ofc. for U.S. Atty's*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005). *See also Lion Raisins, Inc. v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1082 (9th Cir. 2004) ("Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought."). In certain cases, discovery is only allowed after the government has moved for summary judgment. *See, e.g., Lane*, 523 F.3d at 1134 (courts routinely delay discovery in FOIA actions until after summary judgment). Accordingly, the parties propose that a status conference be set in lieu of Rule 26 dates.

8. <u>Discovery</u>: Please see response to 7. Disclosures, above.

9. <u>Related Cases</u>: The parties are not aware of any related cases.

10. <u>Relief</u>: Plaintiff seeks production of the records responsive to his request and attorney's fees.

11. <u>Settlement</u>: The parties have been actively working together to narrow the scope of Plaintiff's request, identify which documents are of primary importance, and to explore software options that would expedite the initial levels of review. The parties anticipate they will be able to settle this case when production is complete.

12. <u>Consent to Magistrate Judge for all Purposes</u>: The parties respectfully decline.

13. <u>Other References</u>: The parties do not, at this time, think the case would benefit from referral to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: As described above, the parties have been actively working together to narrow the scope of Plaintiff's request, identify which documents are of primary importance, and to explore software options that would expedite the initial levels of review.

15. <u>Scheduling</u>: The parties propose scheduling status conferences, rather than discovery dates, as discovery is typically not available in a FOIA case.  Please see response to 7. Disclosures, above.

16. <u>Trial</u>: The parties do not anticipate needing to go to trial.

17. <u>Disclosure of Non-Party Interested Entities or Persons</u>: N/A

18. <u>Professional Conduct</u>: The parties confirm that all attorneys have reviewed Civil Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

19. <u>Class Actions</u>: N/A

20. <u>Patent Cases</u>: N/A

21. <u>Other Matters</u>: The parties welcome the Court's input as this case progresses.

Respectfully submitted,

DATE:  January 31, 2022

*s/ Allan S. Lolly*
ALLAN S. LOLLY
Attorney for Plaintiff

DATE:  January 31, 2022

RANDY S. GROSSMAN
United States Attorney

*s/ Leslie M. Gardner*
LESLIE M. GARDNER
Assistant U.S. Attorney
Attorneys for Defendant,
United States of America

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to all signatory counsel, and that I have obtained their authorizations to affix their electronic signatures to this document. |
| 4 | |
| 5 | |
| 6 | DATED: January 31, 2022        s/ *Leslie M. Gardner*<br>                                                  LESLIE M. GARDNER<br>                                                  Assistant United States Attorney |